IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATHANIEL SALERY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:14cv384-MHT |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION**

This matter is before the court on petitioner Nathaniel Salery's motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6). For the reasons discussed below, the court holds that this motion should be denied.

**I. Background**

A jury found Salery guilty of conspiracy to distribute cocaine and cocaine base, engaging in a continuing criminal enterprise ("CCE"), distribution of cocaine, and aiding and abetting the possession with intent to distribute cocaine, and, in May 1995, he was sentenced to life imprisonment on both the CCE and aiding-and-abetting counts and to 480 months on the distribution count, all the terms to run concurrently.[1]  *See United States v. Salery*, 2:94cr62-MHT. The Eleventh Circuit Court of Appeals affirmed his convictions and

---

[1] Although the jury found Salery guilty on the conspiracy count, the government elected the CCE count because conspiracy is a lesser-included offense of the CCE count.

sentence, *see United States v. Morrow*, 156 F.3d 185 (11th Cir. 1998) (unpublished table decision), and the United States Supreme Court denied his petition for a writ of certiorari. *See Salery v. United States*, 525 U.S. 1147 (1999).

In a supplemental proceeding in his criminal case after his appeal, Salery filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See United States v. Salery*, 2:94cr62-MHT (Doc. No. 1363). The magistrate judge entered a recommendation that his § 2255 motion should be denied because his claims did not entitle him to relief, *see id.* (Doc. No. 1618), and, in June 2003, the district court adopted the recommendation and entered a judgment denying his § 2255 motion. *See id.* (Doc. Nos. 1622 & 1623). The Eleventh Circuit denied his motion for a certificate of appealability. *See id.* (Doc. No. 1758).

Later, in a separate civil proceeding, Salery filed a *pro se* pleading styled as a "Motion for Modification of an Imposed Term of Imprisonment or in the Alternative Motion to Stay and Abeyance." *Salery v. United States,* 2:06cv40-MHT (Doc. No. 1). In that pleading, he challenged his criminal sentence on the ground that it violated the holdings in *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004). Because the claims asserted by Salery attacked the fundamental validity of his sentence, this court characterized his pleading as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255--Salery's second. *See Salery v. United States,* 2:06cv40-MHT (Doc. No. 2) at 3. Because he had not obtained precertification from the

Eleventh Circuit authorizing this court to consider a second or successive § 2255 motion, this court summarily denied his § 2255 motion. *See id.* (Doc. Nos. 2, 4, and 5).

In another separate civil proceeding, Salery filed the instant motion seeking relief under Fed.R.Civ.P. 60(b)(6). *See Salery v. United States,* 2:14cv384-MHT (Doc. No. 3). He argues that there was a "defect in the integrity" of the proceedings on his first § 2255 motion because this court, when denying that motion in June 2003, failed to address the merits of his claim that the sentence imposed against him violated the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Salery v. United States,* 2:14cv384-MHT (Doc. No. 3) at 5-6.

## II.  Discussion

Rule 60(b)(6) allows a court to set aside a judgment for "any other reason that justifies relief." A movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances" justifying the reopening of a final judgment. *Ackermann v. United States*, 340 U.S. 193, 199 (1950). "Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Motions brought under Rule 60(b)(6) "must be made within a reasonable time ... after the entry of the judgment or order or the date of the proceeding" challenged. Fed.R.Civ.P. 60(c)(1). Here, Salery attacks a June 2003 judgment of this court, which was more than 10-years old when he filed his instant motion. He has given no reason for his delay in attacking

3

the judgment. Salery's appeal from this court's judgment has been final for over nine years. Under the circumstances, this court finds that Salery's instant motion was not filed within a reasonable time after entry of the judgment he challenges and is therefore untimely. Consequently, his motion for relief under Rule 60(b)(6) is due to be denied on this ground. *See, e.g., Soloman v. United States*, 300 Fed. App'x 857, 858-59 (11th Cir. 2008) (Rule 60(b) motion on denial of § 2255 motion denied because petitioner "failed to file his motion for relief within a reasonable time, and he did not provide any explanation for the [nine-year] delay" in filing motion); *BUC Int'l Corp. v. International Yacht Council, Inc.*, 517 F.3d 1241, 1275 (11th Cir. 2008) (in deciding what is a "reasonable time" to file a Rule 60(b) motion, the court "must consider the circumstances of each case to determine 'whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner'").

Even if Salery's instant motion had been filed within a reasonable time, it would still be subject to summary dismissal. As noted, Salery's stated ground for Rule 60(b)(6) relief is that this court failed to address his *Apprendi* claim on the merits when denying his first § 2255 motion in June 2003 and that, consequently, there was a defect in the integrity of the proceedings on the § 2255 motion. Rule 60(b) motions properly may attack "some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). This includes an "assert[ion] that a previous ruling which precluded a merits determination was in error--for example, a denial for such reasons as failure to exhaust,

4

procedural default, or statute-of-limitations bar." *Id*. at 532 n.4.  In contrast, arguments "attack[ing] the federal court's previous resolution of a claim *on the merits*" or "present[ing] new claims for relief from [the underlying] judgment of conviction" are beyond the scope of Rule 60(b) and may be brought in only a successive habeas motion.  *Id*. at 531-32 (emphasis in original).[2]

Notwithstanding Salery's present contention, Part III of the magistrate judge's May 2003 recommendation that his first § 2255 motion be denied, which was subsequently adopted by the district court, addresses his *Apprendi* claim as follows:

> "On July 18, 2000, Salery filed a 'SUPPLEMENTAL MEMORANDUM OF LAW BASED UPON DECISION OF SUPREME COURT IN APPRENDI V. NEW JERSEY.' (Doc. # 1446).  Although Salery, in his supplemental memorandum, argues an *Apprendi* claim, at no time did he move to amend his § 2255 motion to raise an *Apprendi* claim.  Thus, the court concludes that Salery has failed to present a cognizable *Apprendi* claim to the court.
>
> "Moreover, *Apprendi* is not retroactively applicable to cases which became final before the *Apprendi* decision was released on June 26, 2000.  *Hamm v. United States*, 269 F.3d 1247 (11th Cir. 2001).  Salery's conviction became final on the day the Supreme Court denied his petition for certiorari.  *Washington v. United States*, 243 F.3d 1299, 1300-01 (11th Cir. 2001) (per curiam).  The Supreme Court denied Salery's petition on February 22, 1999; consequently, his conviction became final

---

[2] *Gonzalez* addressed this issue in the context of a 28 U.S.C. § 2254 petition for habeas corpus relief.  However, the Eleventh Circuit recognizes that "the principles developed in habeas cases also apply to § 2255 motions."  *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987).  Moreover, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings.  *See El-Amin v. United States*, 172 Fed. App'x 942 (11th Cir. 2006); *United States v. Terrell*, 141 Fed. App'x 849 (11th Cir. 2005).

> well before the date of the *Apprendi* decision on June 26, 2000. *Apprendi* errors are not jurisdictional, and *Apprendi* is not applicable to cases on collateral review. *Hamm, supra*. Thus, Salery is not entitled to any relief on any of his claims premised on *Apprendi*."

*United States v. Salery*, 2:94cr62-MHT (Doc. No. 1618) at 9.

First, Salery fails to show, or even argue, that this court erred in determining that his *Apprendi* claim was not properly presented in his first § 2255 motion because he failed to present the claim in a motion to amend his § 2255 motion. Moreover, this court's determination that *Apprendi* does not apply retroactively was a ruling on the merits. To the extent, if any, that Salery's restated *Apprendi* argument is properly made here, it is without merit. This court's original determination was correct. *See, e.g.*, *Hamm v. United States*, 269 F.3d 1247, 1249 (11th Cir. 2001) (*Apprendi* is not retroactively applicable to cases on collateral review); *Coleman v. United States*, 329 F.3d 77, 90 (2d Cir. 2003) ("*Apprendi* does not apply retroactively to initial section 2255 motions for habeas relief.").[3]

This court finds that Salery's Rule 60(b)(6) motion constitutes an attempt to relitigate a claim addressed on the merits in the proceedings on his first § 2255 motion. Attacks on the previous resolution of a habeas claim on the merits or presenting new claims challenging the underlying judgment of conviction are not properly brought in motions under Rule 60(b). *Gonzalez*, 545 U.S. at 531-32. When a *pro se* petitioner brings a motion under Rule 60 or

---

[3] Even if this court's rejection of Salery's original *Apprendi* claim on grounds of non-retroactivity were deemed to be a "procedural ruling" that precluded a ruling on the merits, Salery fails to demonstrate any error in that procedural ruling, and thus he fails to demonstrate his entitlement to relief under Rule 60(b)(6).

6

some other label, the district court may, where appropriate, construe it as a § 2255 motion, and, if applicable, treat it as an unauthorized second or successive motion. *See Williams v. Chatman*, 510 F.3d 1290, 1293-95 (11th Cir. 2007). If construed as an unauthorized second or successive § 2255 motion, the district court lacks subject-matter jurisdiction. *Id*. at 1295. Because Salery's present *Apprendi* claim is an attempt to relitigate a claim that was addressed on the merits in the first § 2255 proceedings, his instant motion, despite being labeled as a motion for relief under Rule 60(b)(6), constitutes a successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act provides that, to file a second or successive § 2255 motion in the district court, a petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

The pleadings and documents in this case reflect that Salery has not received certification from the Eleventh Circuit authorizing this court's consideration of his successive § 2255 motion. Accordingly, this court lacks the jurisdiction to consider Salery's

current motion, and the motion is due to be summarily dismissed.  *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

\*\*\*

An appropriate judgment will be entered denying Salery's motion for relief from judgment pursuant to Rule 60(b)(6).

DONE, this 9th day of June, 2014.


    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE